# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

------------------------------------------------------------x
In re:                                              :         Chapter 7
                                                    :
Paul E. Dwyer,                                      :         Case No.: 06-50358 (AHWS)
    Debtor.                                         :
------------------------------------------------------------x
Nancy DeBrizzi                                      :
    Plaintiff,                                      :
                                                    :
v.                                                  :         Adv. Proc. No.: 06-5086
                                                    :
Paul E. Dwyer,                                      :
    Defendant.                                      :
------------------------------------------------------------x

APPEARANCES:

Thomas J. Sansone, Esq.                             Attorney for Plaintiff Nancy DeBrizzi
Carmody and Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509

Max L. Rosenberg, Esq.                              Attorney for Defendant Paul E. Dwyer
Thornberry & Rosenberg, LLC
3333 Main Street, Suite 100
Stratford, CT 06614

**Memorandum of Decision on Defendant's Motion for Summary Judgment**

Alan H. W. Shiff, United States Bankruptcy Judge:

    The defendant-debtor has filed this motion for summary judgment in response to the complaint which seeks a determination that a debt owed to the plaintiff is non-dischargeable because it was obtained by fraud.  *See* 11 U. S.C. §523(a)(2)(A).

BACKGROUND

This adversary proceeding is a companion to *Continental Family Funding, LLC v. Paul E. Dwyer* (Adv. Proc. No. 06 - 5087), familiarity with which is assumed.[1]  There are several common elements in those proceedings.  Both where commenced by the same attorney at the same time, and sought the same relief, i.e., an order that a debt owed to the plaintiff is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).  In both, the defendant is the debtor who was represented by the same attorney, who filed similar motions for summary judgment.

The defendant is a principal of Monetary Funding Group, LLC ("MFG" ), a loan company.  To finance loans, MFG occasionally borrowed funds from third parties such as the plaintiff.  On April 25, 2002, the plaintiff loaned the defendant $100,000.  *See* Aff. of Paul E. Dwyer, dated July 3, 2008 ("Dwyer Aff."), at ¶ 8. A significant distinguishing factor in this proceeding is that the loan from the plaintiff to MFG was memorialized by a promissory note which the defendant signed *both as an agent of MFG and in his individual capacity.*  Def.'s Motion for Summary Judgment, dated Aug. 4, 2008, Exh. 4.

A summary judgment will enter "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Globecon Group L.L.C. v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006) (quoting Rule 56(c), Fed. R. Civ. P.).  The party moving for summary judgment bears the burden of proving that no genuine issue of material fact exists and that the undisputed facts establish that party's right to judgment as a matter of law.  *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995).  That burden may be satisfied "by showing that little or no evidence may be found in support of the nonmoving party's case." *In re Roberti, ("Roberti I")*, 183 B.R. 991, 999 (Bankr. D.Conn. 1995) (citation omitted).

---

[1] On this date, the court also issued a Memorandum of Decision granting the defendant's motion for summary judgment in the Continental Family Funding proceeding.

While the court "must construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the movant[,]" *Baisch v. Gallina*, 346 F.3d 366, 372 (2d Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)), "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Gallien v. Connecticut Gen. Life Ins. Co.*, 49 F.3d 878, 881-82 (2d Cir. 1995) (citing *Anderson*, 477 U.S. at 247-48).

Under that perspective, there is an admission by the defendant that he is indebted to the plaintiff both personally and as an agent of MFG. *Cf. Continental Family Funding, LLC v. Paul E. Dwyer,* Adv. Proc. No. 06 - 5087, slip op. (Bankr. D. Conn. Nov. 24, 2008) (finding no such basis in the pleadings or otherwise to support a personal liability for the debt). That admission is a condition precedent that underlies this §523(a)(2)(A) proceeding, and creates a conflict with the allegations in the complaint as to the defendant's personal debt liability to the plaintiff. As a consequence, there is arguably a genuine issue of material fact in dispute which should be resolved by trial.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is DENIED, and IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 24th day of November 2008.

Alan H. W. Shiff
United States Bankruptcy Judge